UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| NICHOLAS RUSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1042 |
| | ) | |
| PATRICIA EDDLEMON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Jacksonville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for failure to provide adequate medical care arising from his detention at the Peoria County Jail. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. (Doc. 39). The motion is granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**FACTS**

Plaintiff was detained at the Peoria County Jail ("jail") at all times relevant. Defendant Eddlemon worked at the facility as the Health Services Manager.

In October 2021, medical staff prescribed Trazadone to treat one of Plaintiff's mental health conditions, once a day in the evening, for 90 days. (Doc. 39-3 at 76). Medical staff does not keep this medication on hand at the jail, requiring a member of the nursing staff to order it from a pharmacy when prescribed. (Doc. 39-2 at 1, ¶ 5). Members of the nursing staff, including Defendant Eddlemon, shared responsibility for ordering and dispensing prescribed medications. *Id.* at 1-2, ¶¶ 6, 12.

From his arrival at the jail through February 2022, nursing staff failed to provide Trazodone to Plaintiff on: November 15, 2021; December 7, 2021; December 17-31, 2021; February 8, 2022; February 14-15, 2022; and February 24-25, 2022. (Doc. 39-3 at 29-32; 60-66). A notation in the medication administration reports (MAR) dated December 15, 2022, indicates that Plaintiff's prescription for Trazodone was "In Transit From Pharmacy." *Id.* at 62 (spaces added). Defendant Eddlemon and other jail officials indicated in responses to grievances Plaintiff filed in January 2022 that the medication had not yet arrived from the pharmacy. *Id.* at 122-27. Except for December 17, 2021, when Defendant Eddlemon distributed Plaintiff's medications, non-defendant nurses distributed Plaintiff's other medications on the days he did not receive trazadone. *Id.* at 31, 60, 63.

## ANALYSIS

Detainees have a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019). Jail officials that intentionally deny or delay access to medical care or interfere with treatment once prescribed may be held constitutionally liable. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Plaintiff's medical records disclose that Defendant Eddlemon distributed medications on the days Plaintiff went without Trazadone on only one occasion, the records for which indicate that the pharmacy had not yet delivered the medication. The notation indicating in December 2021 that the pharmacy had not yet delivered the medication negates any inferences that medical staff had failed to re-order it when necessary and that jail staff was responsible for the delay.

The record does not permit a reasonable inference that Defendant Eddlemon intentionally denied Plaintiff the medication or that she was otherwise personally involved in the alleged deprivations, and her participation in the grievance process after the fact is not sufficient to impose liability. The Court finds that no reasonable juror could conclude that Defendant Eddlemon violated Plaintiff's constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [39] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards***, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien***, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 4th day of December, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE